THE CITY OF LAKE FOREST, Plaintiff-Appellant, v. BRETT M. DUGAN, Defendant-Appellee.

Second District No. 2—90—0129

Opinion filed December 19, 1990.

Charles W. Smith and Lawrence R. LaLuzerne, both of Rosing, Applehans & Smith, Ltd., of Waukegan, for appellant.

Peter A. Staben and Richard S. Kopsick, both of Staben & Kopsick, P.C., of Waukegan, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Brett Dugan, was charged with the offense of driving while under the influence of alcohol in violation of a municipal ordinance of the City of Lake Forest. Defendant filed a motion to quash his arrest and suppress evidence based on the allegation that the arresting officer did not have reasonable grounds for making the initial investigatory stop of defendant's vehicle. Following a hearing, the trial court granted the motion, and the City appeals. We affirm.

At the hearing, defendant testified that on October 8, 1989, he was at the home of a friend in Lake Forest; he was with several friends and they were drinking beer. Defendant drank four beers between the hours of 8 p.m. and midnight. When he left his friend's

house, he drove to a Mobil gas station on Old Elm Road in Highwood, Illinois. He had four passengers in the car. At the gas station, two of the passengers got out of the car and went into the station to buy tobacco. Defendant remained in the car. In defendant's opinion, the two passengers who went into the station were probably under the influence of alcohol; they had been drinking earlier, and they were loud and obnoxious.

After leaving the gas station, defendant drove west on Old Elm Road and turned right onto Green Bay Road. After defendant passed Westleigh Road, he observed a police car with its lights on; he pulled over immediately. Defendant stated that he had not had any difficulty operating his vehicle that night. He did not believe that he had violated any traffic laws or that he was driving while under the influence of alcohol at the time he was pulled over.

Officer Rudolph Komin of the Lake Forest police department testified that on October 8, 1989, he was on routine patrol in the south end of Lake Forest. At approximately 1:45 a.m., he received a radio dispatch from the Highwood police department. The Highwood police had received a citizen's complaint from the Mobil gas station on Old Elm Road in Highwood. The complainant stated that he believed the driver of a car that had just been in the gas station was intoxicated. The car, a white Honda bearing Illinois license plate number OR 6920, was driven by a white male, and there were several white male passengers. When Officer Komin received the dispatch, he was near the intersection of Green Bay Road and Westleigh Road. One or two minutes later, as he drove south on Green Bay Road, he saw a white Honda bearing license plate number OR 6920 heading north on Green Bay Road. The car contained several white males. Based on the information he had received through the radio dispatch, the officer turned his squad car around and followed the car. Near the intersection of Green Bay and Westleigh, he caught up with the car and activated his overhead lights. The car pulled over just north of Westleigh Road. The officer identified himself to the occupants of the car and informed them that he was investigating a complaint of a suspected drunk driver.

The trial court concluded that the officer had not witnessed any evidence of bad driving and that the information received in the radio dispatch amounted to no more than that the driver of a white Honda, license number OR 6920, was a "possible drunk driver." The court granted the motion to suppress, and the City appeals.

■■■ A reviewing court will not reverse the trial court's finding at a suppression hearing unless the finding is manifestly erroneous.

(*Village of Lincolnshire v. DiSpirito* (1990), 195 Ill. App. 3d 859, 863.) Such a judgment will not be found to be against the manifest weight of the evidence unless the opposite conclusion is clearly evident. (*People v. Houlihan* (1988), 167 Ill. App. 3d 638, 642; *People v. Bafia* (1983), 112 Ill. App. 3d 710, 712.) A police officer may make a valid investigatory stop, even though there is no probable cause for an arrest, where the officer's decision is based on specific and articulable facts which, when combined with rational inferences from those facts, reasonably warrant an investigative intrusion. (*People v. Moffitt* (1985), 138 Ill. App. 3d 106, 111; *People v. Vena* (1984), 122 Ill. App. 3d 154, 160.) However, a mere suspicion or hunch is insufficient. (*DiSpirito*, 195 Ill. App. 3d at 863; *Houlihan*, 167 Ill. App. 3d at 642.) Evaluation of an officer's conduct in stopping a vehicle must focus on the facts available to the officer at the time the stop is made. *DiSpirito*, 195 Ill. App. 3d at 864.

In the present case, the officer was told that someone from the gas station thought that the driver of the Honda was intoxicated. The officer did not testify to any specific facts which had been reported to him or to the Highwood police department which might support the conclusion about the driver. The complainant did not state that defendant was loud or obnoxious at the gas station or that there was any unusual behavior or poor driving on the part of defendant. There was no evidence that Officer Komin himself observed any bad driving, and defendant responded in an appropriate and timely manner when the officer activated his overhead lights and pulled defendant over.

■ While reasonable grounds to stop an individual may be based on an informant's tip, it is clear that some indicia of reliability must be provided to justify an investigative stop. (*Village of Gurnee v. Gross* (1988), 174 Ill. App. 3d 66, 69-70.) In *Gross*, we determined that a citizen complaint alleging reckless driving, standing alone, did not provide articulable facts sufficient to justify the investigatory stop. (*Gross*, 174 Ill. App. 3d at 69.) This was the case even though the complainant described the vehicle and provided the license plate number to the police. (174 Ill. App. 3d at 70.) However, we determined that the defendant's refusal to stop his car following the police officer's request to do so, coupled with the citizen complaint, did provide the officer with a sufficient basis to justify an investigatory stop. 174 Ill. App. 3d at 70-71.

■ In the instant case, the only fact in the officer's possession at the time of the stop was that someone at the gas station believed that the driver of the Honda was intoxicated. The officer was not aware of any specific facts supporting the informant's conclusion. The fact that

Officer Komin observed a white Honda, license number OR 6920, in the area specified by the informant did not sufficiently corroborate the complaint to justify the stop (see *Gross*, 174 Ill. App. 3d at 70; *People v. Moraca* (1984), 124 Ill. App. 3d 561, 564-67), because the crucial part of the complaint was that the driver was intoxicated.

Based on the facts presented at the hearing on the motion to suppress, we conclude that the trial court's ruling on the motion was not manifestly erroneous.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and NICKELS, JJ., concur.