THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TIMOTHY D. SAFIRAN, Defendant-Appellee.

Third District   No. 3—91—0776

Opinion filed May 18, 1992.—Rehearing denied June 29, 1992.

William Herzog, State's Attorney, of Kankakee (John X. Breslin and Jay P. Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Leonard F. Sacks, of Sacks & Albrecht, of Kankakee, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Following his breathalizer test, which revealed a blood-alcohol concentration of .17, the defendant, Timothy Safiran, was notified of the statutory summary suspension of his driver's license pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1). The defendant subsequently filed a petition to rescind the statutory summary suspension. Following a hearing, the trial court granted the petition to rescind. The State appeals.

At the hearing on the petition, the defendant called the arresting officer to testify. The officer testified that he stopped the defendant's car "after it had been identified as a suspicious vehicle." He noted that he wanted "to see what the driver was doing in the area." During the stop, he noticed alcohol on the defendant's breath.

The State did not cross-examine the officer. The defense then rested and the State presented no evidence. The trial court subsequently allowed the defendant's petition to rescind, finding that the underlying stop was improper.

The State initially argues that the propriety of the stop could not be properly questioned at the summary suspension hearing, because such hearings are limited to those issues specifically set forth in section 2—118.1(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b)).

■ Although statutory summary suspension hearings are limited to certain statutory issues (see *People v. Orth* (1988), 124 Ill. 2d 326, 530 N.E.2d 210), the propriety of the underlying stop may always be considered (see *People v. Decker* (1989), 181 Ill. App. 3d 427, 537 N.E.2d 386). Accordingly, the trial court did not err in considering the propriety of the stop. We therefore turn our attention to the trial court's determination that the stop was improper.

■ The State contends that the trial court erred in finding that the stop was improper. It argues that the stop was properly based upon the officer's "reasonable suspicion." In support of this conten-

tion, the State notes that such a reasonable suspicion can arise even when no violation of the law has been witnessed. See *People v. Hardy* (1986), 142 Ill. App. 3d 108, 491 N.E.2d 493.

We note that police may make investigatory stops of private citizens even though there is no probable cause to make an arrest. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) However, to justify the stop, the police officer must be able to point to specific articulable facts which, when taken together with the rational inferences from those facts, reasonably warrant the intrusion. *Terry*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.

In the instant case, the police officer indicated that the defendant's car was stopped because it was "suspicious." Yet he articulated no facts which would make the defendant's car any more suspicious than any other vehicle.

A reviewing court will not disturb the trial court's finding on a petition to rescind unless that finding was manifestly erroneous. (*People v. Repp* (1988), 165 Ill. App. 3d 90, 518 N.E.2d 750.) Here, given the lack of articulable facts warranting the stop, we are unable to say that the trial court's finding was manifestly erroneous.

The judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

HAASE and STOUDER, JJ., concur.