THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL A. MESSAMORE, Defendant-Appellee.

Third District   No. 3—92—0251

Opinion filed May 28, 1993.—Modified on denial of rehearing June 30, 1993.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Michael A. Messamore, was charged with unlawful possession of cannabis with intent to deliver, unlawful possession of cocaine, and violating the controlled substance tax act. The defendant filed a motion to suppress the evidence challenging the legality of the stop of the automobile in which he was riding as a passenger. Following a hearing, the trial court granted the defendant's motion. The State appeals, and we affirm.

The record shows that police officers Michael Johnston and Ernest Goering testified at the suppression hearing. They stated that on September 5, 1991, at about 10 p.m., they received a call from their dispatcher that a caller had reported a suspicious vehicle driving in the area of Hadley and Meadowbrook. The caller had described the vehicle as a dark green or blue Oldsmobile but was unable to state the year or model of the vehicle. In addition, the caller gave no specific details about the vehicle upon which he based the conclusion that it was suspicious except that it had been circling the area for approximately half an hour.

The record shows that the caller gave his name to the dispatcher. However, that information was not given to Officers Johnston and Goering. The officers admitted that they knew nothing about the caller's identity, and, as such, they had no idea if the caller was reliable. Other evidence showed that the call may have been made by a

citizen of a residential watch area. However, the officers also had no knowledge of that information.

Officer Johnston testified that after receiving the call he saw a dark green Oldsmobile at the intersection of Hadley and Bedford, which is two blocks from Hadley and Meadowbrook. He followed the vehicle for approximately four to six blocks. During that time the driver of the vehicle did not commit any traffic violations. The owner of the vehicle did not have a suspended or a revoked license and the vehicle's license plate and sticker were proper.

Johnston testified that he then activated the lights on his squad car. The driver of the Oldsmobile drove about one-eighth to one-fourth of a mile before stopping in a parking lot. Johnston stated that he thought this was a long time to pull over since the driver could have stopped next to the curb in the area where he first activated the lights. However, no evidence was admitted showing that the driver of the vehicle saw the officer activate his lights in that particular area. Johnston admitted that he stopped the Oldsmobile based solely on the fact that a citizen reported that the vehicle was suspicious.

Following the hearing, the trial court granted the defendant's motion to suppress, finding that the stop was illegal. The State appeals, alleging that the officers had specific, articulable facts to justify an investigatory stop of the vehicle.

Police may make investigatory stops of private citizens even though there is no probable cause to make an arrest. However, to justify the stop, the police officer must be able to point to specific, articulable facts which, when taken together with the rational inferences from those facts, reasonably warrant the intrusion. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) A trial court's findings on a motion to suppress will not be reversed unless they are manifestly erroneous. *People v. Bolar* (1990), 205 Ill. App. 3d 597, 563 N.E.2d 1225.

We also note that a mere suspicion or hunch is insufficient to warrant a stop. (*People v. Safiran* (1992), 229 Ill. App. 3d 639, 593 N.E.2d 1027.) In addition, we note that while reasonable cause to stop an individual may be based on an anonymous informant's tip, case law provides that some indicia of reliability must be provided to justify the stop. Such evidence should include independent corroboration by the police of the information provided by the caller and evidence that the information provided was specific enough to show that the caller had access to reliable information. *People v. Crest* (1989), 188 Ill. App. 3d 768, 544 N.E.2d 825; *People v. Moraca* (1984), 124 Ill. App. 3d 561,

464 N.E.2d 312; *Alabama v. White* (1990), 496 U.S. 325, 110 L. Ed. 2d 301, 110 S. Ct. 2412.

■ In the case at hand, we find that the anonymous informant's tip was brief and vague, and that the officers did not independently corroborate the tip before making the stop. As the record shows, the only information provided by the caller was that a suspicious dark green or blue Oldsmobile was in the area. We note that the caller did not describe any activity from which the officers could form a reasonable suspicion justifying a stop.

In addition, the officers themselves did not observe the defendant engaging in any suspicious activity before stopping him. Johnston testified that while he was following the vehicle no traffic violations were committed. He also noted that the vehicle's identification was proper. In fact, he admitted that the sole basis of the stop was the caller's tip. Accordingly, we find that the information given to the officers, Johnston and Goering, did not establish that the caller was reliable.

■ We now turn to the State's contention that since the caller was a citizen from a neighborhood watch area, he was entitled to a presumption of reliability. We note that the State has cited no authority for such a proposition, nor has it provided this court with any valid rationale to accept such a position. We therefore decline to find that an anonymous citizen claiming to be from a neighborhood watch area is entitled to a presumption of reliability.

The State's final contention on appeal is that the stop was justified because the driver of the vehicle took one-eighth to one-fourth of a mile to stop after Johnston activated his lights. In support of its position, the State cites *Village of Gurnee v. Gross* (1988), 174 Ill. App. 3d 66, 528 N.E.2d 411, wherein the court found that the defendant's failure to immediately stop, combined with other circumstances, justified the investigatory stop.

■ We decline to follow *Gurnee* since in cases involving anonymous tips the legality of the stop is dependant upon the specificity of the caller's information and the police officer's independent corroboration of this information. We note that these requirements must be met before a stop is initiated. To hold otherwise would allow police officers to justify a stop using events occurring after their reasonable suspicion was supposed to have been formed to support their actions. Since such a finding would clearly violate the law as set forth in *Terry v. Ohio*, we reject the State's contention that actions occurring after the stop was initiated can be used to justify the stop.

Based on this evidence, we find that the State failed to show that the stop was justified. As such, we cannot say that the trial court's decision in granting the defendant's motion to suppress was manifestly erroneous.

Accordingly, the decision of the circuit court of Will County is affirmed.

Affirmed.

McCUSKEY, P.J., and SLATER, J., concur.