THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANGEL ORTIZ, Defendant-Appellant.

First District (3rd Division)   No. 1—89—1353

Opinion filed June 30, 1993.

Rita A. Fry, Public Defender, of Chicago (Beth Solomon and Vicki Rogers, Assistant Public Defenders, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Rebecca Davidson, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Angel Ortiz was charged with one count of armed robbery and one count of aggravated battery. Following a jury trial, Ortiz was found guilty of armed robbery and sentenced to 14 years' imprisonment to be served concurrently with four years for violating his bail bond. On appeal, defendant raises numerous issues, but this court will only address the following: (1) whether defendant was entitled to a *Batson* hearing on the exclusion of African-Americans from the jury, where defendant was of a race different from that of the excluded jurors; and (2) whether the State improperly instructed the jury as to defendant's "other crimes" when there was no evidence of other crimes committed by defendant.

This case arises out of a robbery which occurred on September 19, 1980, in the area of Belmont and Sheffield Streets in the City of Chicago. The victim, Douglas Fox, was working for the City of Chicago Department of Planning, photographing the Belmont area for a community development project. He was carrying a 35-millimeter camera wrapped around his shoulder. A burgundy Pontiac pulled up alongside Fox and two men exited the car. The men came toward Fox, pushed him up against a wall and demanded his camera. The entire incident occurred within three minutes' time. Fox later identified defendant in a police lineup.

Prior to swearing in the jury, defense counsel motioned for a mistrial on the basis that the State had exercised its peremptory challenges to exclude all African-American venirepersons. The trial judge concluded that the defense had met its burden of showing a *prima facie* case of discrimination, but denied the motion on the basis that such a claim could not be raised by a defendant who is not a member of the racial or ethnic group excluded from the jury. Defendant is Hispanic-American.

In *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, the Supreme Court held that discrimination in the jury selection could be proven based upon the State's use of peremptory challenges. To establish a *prima facie* case under *Batson*, first defendant must show that he is a member of a cognizable racial group and that the prosecutor removed a member of the defendant's race from the venire by peremptory challenge. Second, defendant may rely on the fact that a peremptory challenge permits discrimination by those with a mind to discriminate. Finally, defendant must show that these facts, viewed in light of any other relevant circumstances, raise an inference that a potential juror was excluded on account of his race. *Batson*, 476 U.S. at 95-96, 90 L. Ed. 2d at 87, 106 S. Ct. at 1722-23.

Once the trial court finds a *prima facie* case by the defendant, the burden shifts to the State to provide race-neutral reasons for excluding the prospective jurors. These neutral explanations must be clear, reasonably specific and related to the particular case which the jury will hear. (*Batson*, 476 U.S. at 98 n.20, 90 L. Ed. 2d at 88 n.20, 106 S. Ct. at 1724 n.13.) In other words, a prosecutor may not merely assert good faith or generally deny a discriminatory motive in selecting jurors. After reviewing the State's explanations, the trial court must then make a finding as to whether the State purposefully discriminated in light of all relevant circumstances. A trial court's determination as to intentional discrimination is a finding of fact and will not be overturned unless it is against the manifest weight of the evidence. *Batson*, 476 U.S. at 98 n.21, 90 L. Ed. 2d at 89 n.21, 106 S. Ct. at 1724 n.21; *People v. Mack* (1989), 128 Ill. 2d 231, 238, 538 N.E.2d 1107; *People v. Mahaffey* (1989), 128 Ill. 2d 388, 413, 539 N.E.2d 1172.

■ The precepts of *Batson* were further extended by *Powers v. Ohio* (1991), 499 U.S. 400, 113 L. Ed. 2d 411, 111 S. Ct. 1364, which held that a criminal defendant may object to the race-based exclusion of jurors whether or not the defendant and the excluded jurors share the same race. Furthermore, Illinois courts have held that *Powers* ap-

plies retroactively to all cases pending on direct review. *People v. Pecor* (1991), 213 Ill. App. 3d 472.

Based upon the holding in *Powers v. Ohio* and its retroactive application to this case, we find that the defendant in this case is entitled to a *Batson* hearing, requiring that the State present race-neutral explanations for its exclusion of all African-Americans from the jury. At the time of trial, the trial judge acted within the confines of then existing case law in denying defendant a *Batson* hearing.

■ We next consider the propriety of the jury instructions. The State tendered an instruction to the jury regarding the "other crimes" committed by defendant, reasoning that defendant's drug addiction served as a motive for the armed robbery. Over defense counsel's objection, the following instruction was given:

> "Evidence has been received that the defendant has been involved in offenses other than that charged in the information. This evidence has been received solely on the issue of the defendant's motive. This evidence may be considered by you only for the limited purpose for which it has been received."

Evidence of other offenses is inadmissible except where the evidence goes to show motive, intent, identity, absence of mistake or *modus operandi*. The law distrusts such evidence because it implies that if a person has committed other crimes, he or she is more likely to have committed the offense in question. *People v. Romero* (1977), 66 Ill. 2d 325, 362 N.E.2d 288.

We find that the trial court improperly informed the jury of defendant's "other crimes" based solely on the fact that defendant was a drug addict. There was absolutely no evidence presented by the State in this case on which to base the jury instruction. This instruction merely injected a new issue into the case and perhaps confused the jury. We find the actions of the State in this instance to be highly inappropriate and reversible error.

Although we have decided that defendant was entitled to a *Batson* hearing, we need not remand for such a hearing since this case must be remanded for a new trial based upon the "other crimes" jury instruction tendered by the State. For all of the foregoing reasons, this case is remanded to the circuit court of Cook County for a new trial.

Reversed and remanded.

RIZZI and CERDA, JJ., concur.