THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDRE CARROLL, Defendant-Appellant.

First District (3rd Division)   No. 1—89—3184

Opinion filed December 29, 1993.—Rehearing denied February 4, 1994.

Michael J. Pelletier and Gordon H. Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Michael J. Pugh, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Following a jury trial, Andre Carroll was tried and convicted of armed robbery and acquitted of the offense of murder. Carroll was sentenced to an extended term of 60 years' imprisonment. Andre Carroll and two codefendants, Kevin Smith and Guy Murray, were charged with the robbery and murder of Vipinchadra Patel, the parking attendant at the Day's Inn Hotel, located at 644 N. Lake Shore Drive in the City of Chicago.

Prior to trial, the State introduced a motion *in limine* to present evidence of another robbery for which defendant had been charged, which occurred in Du Page County a few days after the Day's Inn robbery. The motion stated that evidence from the later robbery would be relevant to show the motive for stealing cars from the Day's Inn garage, that is, to use the cars in the Day's Inn robbery in the subsequent Du Page County robbery. The court held this evidence to be admissible to show motive. The court also allowed the introduction of evidence that codefendant Smith and defendant Carroll both had tattoos from the same street gang. The court ruled that the evidence was admissible to show a nexus between the two individuals, Carroll and Smith.

## FACTUAL BACKGROUND

On the evening of September 27, 1987, the deceased, Patel, was on duty, attending the Day's Inn Hotel parking garage between 11:30 and 11:40 p.m. About this same time, the front desk attendant, Liaqat Ali, was leaving work and he saw and spoke with Patel. While leaving the parking garage, Ali heard three loud gunshots. He later saw two cars rushing out of the lot and then found Patel dead in the ticket booth.

A palm print was lifted from one of the cars and a fingerprint

expert testified it matched the palm print of codefendant Kevin Smith. A weapons expert testified the two bullets removed from Patel matched the type of bullet later surgically removed from codefendant Kevin Smith on October 2, after Smith was arrested. In addition, a fingerprint expert testified that Andre Carroll's print was found on a parking ticket which was lying on the ledge near the cashier's window. In addition to listing an entrance time of 11:10 p.m. and an exit time of 11:39, the ticket also contained Illinois license number HRZ 3621.

Another brand new car containing Michigan plates was found by police at 5547 W. West End in Chicago. The car was associated with the Day's Inn robbery and the passenger window was broken. The car was also found one-half mile west of the address where Andre Carroll was arrested.

Frank Altobello, a jewelry store owner in Du Page County, testified that on September 30, 1987, at about 5 p.m., a man came into the shop to see men's rings. The man then pulled out a gun and put the gun to Altobello's head, telling him not to move. Everyone in the store was told to lie facedown. Altobello identified Andre Carroll as the robber. Carroll then buzzed in three more people, who opened counters and cleared jewelry into bags. Shortly thereafter the robbers all fled in a tan Ford wagon with wood grain on the sides.

On October 5, Altobello further testified that he viewed lineups and he identified Andre Carroll as the lead robber. In Carroll's appeal of his Du Page County conviction, the appellate court found that the on-scene identification of Carroll was unnecessarily suggestive and remanded the cause for a new trial.

Villa Park policeman Officer Frank Wenshuntonis testified that on September 30, while working on the jewel theft case, he responded to a radio broadcast describing a tan, 1980 four-door station wagon with wood grain paneling. After being towed to the police station, a jeweler's tray containing 10 gold wedding rings was discovered in the car. The car was registered to Mardrey Swenson, who testified that on September 28, she parked her car, a 1980 tan wagon with wood vinyl grain, in front of her apartment building. The next time she saw her car, on October 2, the ignition had been changed and her key would not fit into the ignition.

Officer Michael Lullo testified that on October 1 he surveilled 5560 West Quincy in Chicago in connection with the Altobello jewelry theft. Lullo saw a maroon van in the garage of the building. The car was driven away by codefendant Kevin Smith. The van stopped at the intersection of Madison and Lockwood. Officer Lewis then entered the residence at 5560 W. Quincy and found defendant hiding in a closet.

A fingerprint expert, Officer John DuShane, testified that a fingerprint lifted from the driver's side of the van matched that of the defendant. Moreover, a fingerprint found on a matchbook inside the van corresponded to the number seven finger of the defendant. Blood taken from the passenger seat matched that of codefendant Kevin Smith.

Los Angeles police officer Detective Stephen Strong testified that he had observed tattoos on the arms of Andre Carroll and that he had spoken to defendant in the Los Angeles county jail in 1987. Defendant's tattoo consisted of the number 52 under the letters HGC. Chicago Detective Rothgeb testified he examined codefendant Smith and that Smith had a tattoo of the number 52 on his right calf as well as a "F2" and HGC on his left wrist.

Defendant rested his case without putting forth any evidence.

## ISSUES

On review, appellant presents the following issues: (1) whether evidence of other crimes was properly admitted into evidence and the jury was instructed thereon; (2) whether the trial court properly sentenced defendant to an extended term of 60 years; and (3) whether the doctrine of collateral estoppel requires this case to be remanded, since the Appellate Court, Second District, remanded the case.

## OPINION

We first consider the evidence of other crimes. Defendant was convicted in the armed robbery of the Altobello jewelry store in Du Page County. Defendant contends the introduction of this evidence to show defendant's motive in the Day's Inn robbery three days prior was unduly prejudicial. Moreover, defendant maintains the evidence from the Los Angeles gang crimes specialist about defendant's tattoo was also unduly prejudicial.

In the following jury instruction, the State attempted to limit the prejudicial impact of the other robbery as follows:

> "Evidence has been received that the defendant has been involved in an offense other than that charged in the indictment. This evidence has been received solely on the issue of defendant's motive. This evidence may be considered by you only for the limited purpose for which it was received."

Because the defendant objected to this instruction, it was never given. The trial court later stated that because the defense had refused every opportunity to withdraw its objection, the instruction would not be given.

■ The admission of evidence of other crimes is within the sound discretion of the trial court and will not be overturned absent a clear

abuse of discretion. (*People. v. Fuller* (1983), 117 Ill. App. 3d 1026, 454 N.E.2d 334.) Evidence of other crimes is not admissible to show a propensity to commit crimes (*People v. Lindgren* (1980), 79 Ill. 2d 129, 402 N.E.2d 238); however, it may be admitted to show a fact in issue, a defendant's motive, intent, identity or *modus operandi. People v. Pavic* (1982), 104 Ill. App. 3d 436, 432 N.E.2d 1074; *People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 4489.

The crucial consideration is whether the prejudicial impact of the evidence outweighs its probative value. The defense relies on *People v. Hendricks* (1990), 137 Ill. 2d 31, 560 N.E.2d 611, in support of its argument that the introduction of evidence of the gang activity and other robbery was reversible error. In *Hendricks,* the supreme court reversed where the evidence was highly prejudicial and of little probative value. The court held that the State could manipulate the evidence to support a murder theory, making it highly prejudicial. The *Hendricks* court also noted that evidence of motive may be properly presented, although it may disclose a defendant's immoral conduct. This court recently reversed a conviction where the only evidence of other crimes presented to the jury was that defendant was a drug addict. See *People v. Ortiz* (1993), 249 Ill. App. 3d 251, 618 N.E.2d 979.

■ In this case, we do not find that the introduction of gang activity evidence was unduly prejudicial. The evidence was probative in that the identical gang tattoos on the defendants and their activities in Los Angeles showed a nexus between the two defendants, Andre Carroll and Kevin Smith. Moreover, the evidence of defendant's involvement in the Altobello jewelry store robbery and the use of a stolen car was highly probative and not outweighed by any undue prejudice to defendant. In any case, if the introduction of other crimes evidence was improper, it was harmless error given the overwhelming evidence of defendant's guilt and the unlikelihood that such evidence contaminated the jury. *People v. Moffat* (1990), 202 Ill. App. 3d 43, 560 N.E.2d 352.

■ The next issue we consider is whether defendant was properly sentenced to an extended term of 60 years. Section 5—8—2(a)(2) of the Unified Code of Corrections defines an extended term as follows:

"(a) A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5—8—1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of Section 5—5—3.2 were found to be present. Where the judge finds that such factors were present, he may sentence an offender to the following:
    ***

(2) for a Class X felony, a term shall be not less than 30 years and not more than 60 years." Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2(a)(2).

Armed robbery is a Class X felony. The factors to be considered in extending a term under section 5—8—2 are whether a defendant has been convicted of another felony of the same class or greater class, when such conviction has occurred within 10 years prior to that felony currently tried. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2.) The trial court concluded that defendant was eligible for the extended term because of the additional Du Page County robbery.

A sentence will not be disturbed on review absent an abuse of discretion. (*People v. Robinson* (1980), 83 Ill. 2d 424, 415 N.E.2d 1045.) Judges are granted broad discretion in order to engender reasoned judgments and appropriate penalties in each case. (*People v. La Pointe* (1982), 88 Ill. 2d 482, 431 N.E.2d 344.) The trial court is normally the most suitable forum for deciding an appropriate sentence and its decision is therefore granted much deference. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

On appeal, defendant contends an extended sentence is not warranted because this "was not a particularly egregious crime." In mitigation the defense further described defendant as "not your typical armed robber who waits outside a liquor store and sticks somebody up when he comes outside. He is from Los Angeles and [left] his jurisdiction and [came] across the country to commit his crime."

The trial court then responded:

"I wish you had not left your family, Mr. Carroll. *** You and Mr. Smith are truly two of the most dangerous men I have had occasion to see come before me. There is an important message to be sent in the sentencing by way of general deterrence, and that is to let people who are inclined to make hit and run attacks in other states know that they will be treated seriously.

This defendant is in fact a danger to this community. He is a danger to any community in which he would possibly be."

On his own behalf defendant mentioned his young son and family as well as the fact that he had "learned his lesson" from getting involved with other people.

We find no abuse of discretion in this case. The trial court delineated various factors as to why it felt defendant warranted an extended term. Moreover, the court specifically mentioned defendant's family and considered them prior to awarding the extended sentence.

■ Finally, we consider on appeal whether this case requires remand pursuant to the doctrines of collateral estoppel or *res judicata*. The Second District Appellate Court remanded this case on the issue of the impropriety of the initial, on-the-scene identification by Mr. Altobello in the jewelry theft case. On remand the trial court was still allowed to determine whether the later lineup and in-court identifications were reliable. The State argues this issue is more one of collateral estoppel than *res judicata*.

Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies. (*Kinzer v. City of Chicago* (1989), 128 Ill. 2d 437, 539 N.E.2d 1216; *Catlett v. Novak* (1987), 116 Ill. 2d 63, 506 N.E.2d 586.) That judgment becomes an absolute bar to subsequent actions involving the same claims or demands by the same parties or their privies. The doctrine extends not only to what was actually decided in the original action but also to matters which could have been decided in that action. *La Salle National Bank v. County Board of School Trustees* (1975), 61 Ill. 2d 524, 337 N.E.2d 19.

The doctrine of collateral estoppel, on the other hand, is embodied by the fifth amendment guarantee against double jeopardy. It means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the parties in a future case. *Ashe v. Swenson* (1970), 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189.

Applying the doctrine of collateral estoppel to this case, in the prior trial the case was remanded by the appellate court because of an improper on-the-scene identification of the defendant in a different robbery. Defendant subsequently confessed to this robbery. This conviction was then admitted into evidence at the subsequent trial. Because there is nothing in the record to suggest that defendant's conviction rests upon the prior on-the-scene identification, the verdict cannot be estopped.

The State relied upon two other identifications from Mr. Altobello. He identified defendant in a police lineup and also in court.

For all of the foregoing reasons, the decision of the Cook County circuit court is hereby affirmed.

Judgment affirmed.

RIZZI and CERDA, JJ., concur.