THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRIAN L. DREWES, Defendant-Appellant.

Third District    No. 3—95—0587

Opinion filed March 21, 1996.—Rehearing denied April 29, 1996.

Richard A. Zimmer, of Lytton, Sutton & Zimmer, of East Moline, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Richard Leonard, of Ottawa, for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Brian L. Drewes, was charged with driving under the influence of alcohol. 625 ILCS 5/11—501(a)(2) (West 1994). He subsequently filed a petition to rescind his statutory summary suspension, claiming that the arresting police officer did not have reason-

able grounds to stop his vehicle. After a hearing, the defendant's petition was denied. For the reasons which follow, we reverse.

At the hearing on the petition, the defendant testified that while at Miller Time Billiards in Moline, his friend became belligerent and the management asked both men to leave. As the defendant and his friend got into the defendant's pickup truck, his friend told someone else in the parking lot that he had a gun. According to the defendant, the tone of his friend's comment could have been construed as a threat. The defendant then drove out of the parking lot and proceeded west on 23rd Avenue. A few minutes later, police officer Michael Hutton stopped the defendant's vehicle. Hutton asked about a gun and searched the vehicle, but he found no gun. The defendant never saw a gun in his friend's possession and he did not believe that his friend had a gun. The defendant also stated that he did not believe that he violated any traffic laws from the time he left the parking lot to the point of the stop.

Ultimately, Hutton arrested the defendant for driving under the influence of alcohol. Hutton did not testify at the hearing. However, the State introduced the arrest report into evidence. In the narrative portion of the report, Hutton stated: "Def. was stopped driving the above listed vehicle when I received information that the passenger threatened the victim with a handgun." The report indicated that the victim was Judd G. Wittenaur.

After hearing the defendant's testimony and reviewing the police report, the trial judge denied the defendant's petition. On appeal, the defendant argues that the trial court erred as a matter of law when it denied his petition to rescind. Specifically, he contends that Officer Hutton did not have reasonable grounds to stop his vehicle.

■ In a summary suspension hearing, the defendant has the initial burden of making a *prima facie* case that the police officer had no reasonable or articulable suspicion of criminal activity to warrant an investigative stop. *People v. Scott*, 249 Ill. App. 3d 597, 619 N.E.2d 809 (1993). Once the defendant has shown that he was doing nothing unusual to justify the intrusion by the police at the time of the stop, the burden of going forward with the evidence to justify the intrusion shifts to the State. *Scott*, 249 Ill. App. 3d 597, 619 N.E.2d 809.

■ Police may make an investigatory stop of a private citizen even though there is no probable cause to make an arrest. However, to justify the stop, the police officer must be able to point to specific, articulable facts which, when taken with the rational inferences from those facts, reasonably warrant the intrusion. *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968). A mere suspicion or hunch is insufficient to warrant a stop. *People v. Safiran*, 229 Ill. App.

3d 639, 593 N.E.2d 1027 (1992). Additionally, while reasonable grounds to stop an individual may be based on an anonymous informant's tip, case law provides that some indicia of reliability must be provided to justify the stop. Important factors in determining reliability include independent corroboration by the police of the information provided by the caller and evidence that the information provided was specific enough to show that the caller had access to reliable information. *People v. Messamore*, 245 Ill. App. 3d 627, 615 N.E.2d 762 (1993). Finally, the rescission of a statutory summary suspension is properly reviewed under a manifest weight of the evidence standard. *People v. Torres*, 160 Ill. App. 3d 643, 513 N.E.2d 1142 (1987).

■ Here, the defendant made a *prima facie* case when he testified that he did not believe that his friend had a gun and that he did not violate any traffic laws before Hutton pulled him over. The State then had to prove that Hutton had reasonable grounds to stop the defendant. Here, Officer Hutton's failure to testify fatally damaged the State's case. More information was necessary in order to determine if Hutton's "tip" about the defendant's friend having a gun gave him reasonable grounds to stop the defendant's car. Although the police report listed the name of the "victim," the person who was allegedly threatened, the report does not state that the victim was the informer. In fact, Hutton never noted the identity of the informer in his report. Furthermore, Hutton did not report how he received this information. In sum, the informant's tip in this case was lacking in corroboration, detail and reliability. Therefore, we find that the State failed to prove that Hutton had reasonable grounds to stop the defendant. Consequently, we find that the trial court's denial of the defendant's petition was against the manifest weight of the evidence.

For the reasons stated above, the judgment of the circuit court of Rock Island County is reversed.

Reversed.

McCUSKEY and MICHELA, JJ., concur.