# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Hunter*, **2013 IL App (3d) 110310**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CASEY D. HUNTER, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0310 |
| Rule 23 Order filed<br>Motion to publish allowed<br>Opinion filed<br>Rehearing denied | January 11, 2013<br><br>February 8, 2013<br>February 8, 2013<br>February 14, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defense counsel was not ineffective in failing to move to quash defendant's arrest and suppress evidence that he possessed a firearm, regardless of defendant's contentions that the arresting officers lacked probable cause or a reasonable suspicion to stop the truck in which defendant was a passenger and that the seizure of defendant was unreasonable, since defendant fled when the truck was stopped, he was not seized during the stop, his flight and subsequent discharge of a firearm provided probable cause for his ultimate seizure and arrest, and the proposed motions would have failed. |
| Decision Under Review | Appeal from the Circuit Court of Rock Island County, No. 10-CF-420; the Hon. Greg G. Chickris, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Yasaman Hannah Navai, of State Appellate Defender's Office, of Chicago, for appellant.

Mark Senko, State's Attorney, of Rock Island (Terry A. Mertel and Justin A. Nicolosi, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.

Justices McDade and Carter concurred in the judgment and opinion.


## OPINION

¶ 1     Defendant, Casey D. Hunter, was charged with attempted first degree murder (720 ILCS 5/9-1(a)(1), 8-4 (West 2010)), aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(3) (West 2010)), and unlawful possession of weapons by a felon (720 ILCS 5/24-1.1(a) (West 2010)). At a jury trial, defendant was found guilty of possession of weapons by a felon and acquitted of the other two charges. Defendant challenges his conviction, arguing that his trial counsel was ineffective for failing to file a motion to quash arrest and suppress evidence establishing his possession of a firearm. We affirm.

¶ 2                              FACTS

¶ 3     As a result of events that occurred on May 3, 2010, defendant was charged with attempted first degree murder (720 ILCS 5/9-1(a)(1), 8-4 (West 2010)), aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(3) (West 2010)), and unlawful possession of weapons by a felon (720 ILCS 5/24-1.1(a) (West 2010)).

¶ 4     At trial Rock Island police officer Tim Muehler testified that at 2 p.m. on May 3, 2010, he was patrolling in a marked squad car with Officer Jeff Key when Muehler noticed a pickup truck parked on the street in front of a house that was a "known drug spot." Several weeks earlier, Rock Island police had executed a search warrant on the house as a result of suspected drug dealing by a resident, Barry Hubbard. As Muehler and Key drove past the house, they observed Hubbard sitting in the front yard. A white male was seated in the truck's driver seat, talking to a black male, later identified as defendant, who was seated in the passenger seat. The officers drove past the truck, circled the block, and returned to the home. By that time, the truck was gone.

¶ 5     Muehler and Key kept driving, later discovering the same truck stopped at a nearby intersection. As the officers drove past the truck, they observed the same driver and defendant seated inside. Both were staring straight ahead with "pretty scared" looks on their

faces. The officers decided to follow the truck and executed a U-turn. As the officers turned around, they observed the truck now parked about one block away from the drug house. Defendant exited the truck and walked between two nearby houses and out of the officers' sight. Key parked the cruiser in a nearby parking lot, and Muehler exited to observe the truck on foot. Several minutes later, Muehler saw defendant approach the truck. The driver exited, and the two talked on the sidewalk for about 30 seconds, before shaking hands, getting back in the truck, and driving off. At that point, Muehler signaled for Key to pick him up so the officers could follow the truck and execute a traffic stop.

¶ 6    Muehler and Key followed directly behind the truck in the cruiser. Key activated the cruiser's emergency lights and siren. The truck pulled into a parking lot and parked. Immediately as the truck came to a stop, defendant exited the vehicle and ran from the truck. Muehler chased defendant and could see the brown handle of a revolver poking out from his waistband. After chasing defendant around the corner of a house, Muehler observed defendant running with the revolver in his hand. Defendant stopped running, turned toward Muehler, pointed the revolver in the air, and fired one shot. Muehler then fired one shot back, missing defendant. Defendant began running again, and Muehler fired two more shots, which hit defendant. Key then approached to assist Muehler in arresting defendant.

¶ 7    The trial court admitted into evidence the revolver and defendant's later statements admitting to possessing it. The jury convicted defendant of unlawful possession of weapons by a felon but acquitted him of attempted murder and aggravated discharge of a firearm. The trial court sentenced him to 10 years' imprisonment. Defendant appeals.

¶ 8                                    ANALYSIS

¶ 9    Defendant argues that trial counsel was ineffective for failing to file a motion to quash arrest and suppress evidence. Specifically, defendant argues that the officers did not have probable cause or reasonable suspicion to initiate the traffic stop of the truck. The traffic stop therefore resulted in an unreasonable seizure of defendant, tainting the subsequently recovered evidence establishing defendant's possession of a firearm.

¶ 10   In order to prevail on a claim of ineffective assistance of counsel, defendant must show that: (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced defendant. *Strickland v. Washington*, 466 U.S. 668 (1984). Counsel's decision whether to file a motion to quash arrest or suppress evidence is generally "a matter of trial strategy, which is entitled to great deference." *People v. White*, 221 Ill. 2d 1, 21 (2006), *abrogated on other grounds by People v. Luedemann*, 222 Ill. 2d 530 (2006). For counsel's decision to be considered deficient, defendant must show that the unfiled motion stood a reasonable chance of success at the time of trial. *People v. Bew*, 228 Ill. 2d 122 (2008).

¶ 11   For a motion to quash arrest and suppress evidence to be successful in the present case, defendant must first establish that the traffic stop constituted an unreasonable seizure of defendant. U.S. Const., amend. IV; Ill. Const. 1970, art. I, § 6. Defendant argues that the traffic stop of the truck resulted in an unlawful seizure of defendant because it was not supported by reasonable suspicion, as required by *Terry v. Ohio*, 392 U.S. 1 (1968). To support a *Terry* stop, the officer must have specific and articulable facts which, taken

together with rational inferences therefrom, reasonably warrant the intrusion. *Id.*; 725 ILCS 5/107-14 (West 2010).

¶ 12    In the present case, because defendant fled, he was not seized for purposes of the fourth amendment. As a result, he cannot challenge the government's action. Therefore, we do not reach the question of whether the traffic stop was supported by reasonable suspicion.

¶ 13    As a general matter, a seizure is said to occur where "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980) (opinion of Stewart, J., joined by Rehnquist, J.). However, this test states "a *necessary*, but not a *sufficient*, condition for seizure." (Emphases in original.) *California v. Hodari D.*, 499 U.S. 621, 628 (1991). A seizure additionally requires that " 'the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen.' " *Florida v. Bostick*, 501 U.S. 429, 434 (1991) (quoting *Ohio*, 392 U.S. at 19 n.16). Defendant's "freedom of movement" must actually be restrained. *Brendlin v. California*, 551 U.S. 249, 254 (2007). In the absence of officers applying physical force to restrain the suspect, the suspect is not seized until he yields to the officer's show of authority. *Hodari D.*, 499 U.S. at 626 ("The narrow question before us is whether, with respect to a show of authority as with respect to application of physical force, a seizure occurs even though the subject does not yield. We hold that it does not."); *Brendlin*, 551 U.S. 249. While an officer yelling "Stop, in the name of the law!" may constitute a seizure if the suspect submits to such a show of authority by halting, no seizure occurs when the suspect responds by fleeing; in the latter case, the suspect's liberty and freedom of movement have not been restrained. *Hodari D.*, 499 U.S. 621. In short, the fourth amendment is not implicated by *attempted* seizures.

¶ 14    The same seizure requirements apply to traffic stops. The police articulate a show of authority by activating their cruiser's emergency lights and/or siren. A seizure of the driver does not occur until the driver submits to the show of authority by stopping her vehicle. *Brendlin*, 551 U.S. 249; *Brower v. County of Inyo*, 489 U.S. 593 (1989); *People v. Brodack*, 296 Ill. App. 3d 71 (1998). A passenger, on the other hand, submits to the show of authority by remaining in the vehicle. As the Supreme Court explained in *Brendlin*:

> "[W]hat may amount to submission depends on what a person was doing before the show of authority: a fleeing man is not seized until he is physically over-powered, but one sitting in a chair may submit to authority by not getting up to run away. Here, Brendlin had no effective way to signal submission while the car was still moving on the roadway, but once it came to a stop he could, and apparently did, submit by staying inside." *Brendlin*, 551 U.S. at 262.

¶ 15    Unlike the defendant in *Brendlin*, defendant here did not submit to the officers' show of authority by remaining in the vehicle; instead he chose to flee. As a result, defendant was not seized during the traffic stop.

¶ 16    The officers' eventual arrest of defendant was supported by probable cause. Defendant's unprovoked flight from the traffic stop raised the officers' suspicion and justified their pursuit of defendant. See *People v. Thomas*, 198 Ill. 2d 103 (2001). Defendant's flight and discharge of a firearm established probable cause for defendant's arrest. Therefore,

defendant's eventual seizure and arrest were reasonable under the fourth amendment.

¶ 17　　　Because there was no unreasonable seizure, defendant's motion to suppress would not have been successful. Accordingly, trial counsel's decision not to file the motion to suppress was not deficient.

¶ 18　　　　　　　　　　　　　　　CONCLUSION

¶ 19　　　For the foregoing reasons, the judgment of the Rock Island County circuit court is affirmed.

¶ 20　　　Affirmed.