704 So.2d 134 (1997)
Michael A. BRUNO, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4230.
District Court of Appeal of Florida, First District.
November 19, 1997.
*135 Nancy A. Daniels, Public Defender, Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, J. Ray Poole, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The sole issue in this appeal from a drug charge is whether the trial court erred in denying appellant Bruno's motion to suppress certain contraband drugs taken from his possession. In that we agree that the seizure of same was illegal, we reverse the order withholding adjudication and placing Bruno on probation and remand the cause with directions.
After the arresting officer had stopped Bruno for speeding, he was erroneously advised over the radio first that Bruno's driver's license had been suspended, which constitutes a misdemeanor or felony under section 322.34, Florida Statutes (1995), depending upon the number of prior convictions. The officer thereafter arrested Bruno for same, and conducted a pat-down search of his person, which uncovered the presence of marijuana. Following the search and seizure, the officer was next informed that Bruno's license had not been suspended; rather, it was "expired, cancelled or revoked," which also constitutes a misdemeanor or felony under section 322.34.
This case is controlled by State v. White, 660 So.2d 664 (Fla.1995), holding that an arrest based on erroneous computer information supplied by law enforcement personnel required suppression of the evidence seized in a search incident to the arrest. Applying the White rule to the case at bar, the search and seizure cannot be justified based on an arrest for either driving with a suspended license or driving with a revoked or canceled license, because the police information as to those charges was incorrect. Bruno was guilty of driving with a license which had been expired for less than four months, which, under section 322.065, Florida Statutes (Supp.1996), is merely a traffic infraction, for which an arrest is not authorized. See § 901.15(1), Fla. Stat. (1995). Because the police information failed to support a legal arrest, the evidence seized as a result of the arrest should have been suppressed, and the judge erred in denying the defense's motion for same.
The state next defends the seizure on the alternative ground that because the stop was legal, the officer was justified in conducting a Terry[1] pat-down search for possible weapons. Nevertheless, the seizure of the marijuana exceeded the scope of a permissible weapons search. The officer admitted at the suppression hearing that the object which he felt in Bruno's pocket did not appear to be a weapon. As was explained in Doctor v. State, 596 So.2d 442 (Fla.1992), during the course of a legitimate weapons search, the police may only seize weapons or objects which reasonably could be considered *136 weapons, even if the object may reasonably be suspected to be evidence of a crime.
Finally, the state argues that affirmance is required because Bruno volunteered to the patrolman that the object in his pocket was marijuana. This admission was made, however, after the officer had already searched Bruno and asked about the object inside his clothing. Thus, Bruno's statement can hardly be considered volitional. The cases the state relied on are, moreover, distinguishable in that they all involve situations where no search occurred. For example, in Neely v. State, 402 So.2d 477 (Fla. 2d DCA 1981), police responded to a call advising that the defendant was drunk at a bar and would not leave. The officer asked for identification and saw a bulge in the defendant's pocket. The officer then asked what was in the defendant's pocket, and the defendant pulled out keys and other items. Something still remained, and, in response to the officer's request, the defendant next removed a baggie containing Quaaludes. The officer testified that he thought the large bulge might be a weapon, but after the defendant pulled out the initial items, he realized the bulge remaining was not a weapon. The Second District held that no search had occurred, and that the defendant had voluntarily acted in taking the drugs from his pocket. Thus, suppression was not warranted. In that a search clearly took place in the case at bar, the rule stated in Neely is inapplicable.
REVERSED and REMANDED with directions that the drug charge and sentence be vacated.
ERVIN and KAHN, JJ., concur.
BENTON, J., concurs in result.
NOTES
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). And see § 901.151, Fla. Stat. (1995).