W. SHARP, Judge.
The state appeals an order of the trial court which granted Shadler’s motion to suppress evidence of cocaine discovered by a police officer after a search incident to an arrest for driving with a suspended license. In concluding that the evidence should be suppressed, the trial court relied upon State v. White, 660 So.2d 664 (Fla.1995). We reverse.
The trial court found that the arrest was based on information furnished to the police officer by the Florida Department of Highway Safety and Motor Vehicles (Department). In response to an inquiry by the police officer, the Department erroneously informed him that Shadler’s driver’s license had been suspended. In fact, Shadier completed an alcohol treatment course he had been ordered to attend and his license was reinstated. The trial court reasoned that because the Florida Highway Patrol is a law enforcement agency with law enforcement powers and is a division of the Department, the inaccuracy or failure to up-date computer records, was attributable to law enforcement personnel.
The Florida Supreme Court held in State v. White that evidence should be suppressed *663 where an arrest is based on erroneous information furnished by a police officer or agency. The erroneous information in White stemmed from erroneous information in a computer in the sheriffs office. The court distinguished between situations where erroneous computer information results from clerical errors committed by court or non-law enforcement personnel and those resulting from errors committed by the police or law enforcement personnel.
The answer to the question of whether the exclusionary rule[1] should be invoked to bar evidence seized as a result of an illegal arrest, apparently turns on whether the erroneous computer information results from errors committed by court employees or non-law enforcement personnel, or whether the information stems from police or law enforcement employees. Arizona v. Evans, 514 U.S. 1, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995); Bruno v. State, 704 So.2d 134 (Pla. 1st DCA 1997); Bunse v. State, 661 So.2d 389 (Fla. 5th DCA 1995).
We disagree with the trial court that the error in this case can be attributed to police or law enforcement personnel merely because the Department contains four divisions under the governor and cabinet of Florida, one of which is the Florida Highway Patrol (a law enforcement agency). The other three divisions, the Division of Driver’s Licenses, the Division of Motor Vehicles and the Division of Administrative Services, are independent from one another as well as the Florida Highway Patrol. Each has its own separate organizational structure and division director. The erroneous information came from the Division of Driver’s Licenses. Persons working for that division are not law enforcement personnel, but rather are more similar to the court employees in Arizona v. Evans.
REVERSED.
PETERSON and THOMPSON, JJ., concur.

. U.S. Const, amend. IV; Art. I, § 12, Fla. Const.