HARRIS, J.
J.C. was found guilty of burglary of a conveyance and grand theft of a motor vehicle. . He appeals claiming that there was insufficient evidence that he committed the offenses and that the court erred in denying his motion for acquittal. He also challenges the court’s departure from the Department’s recommendation in sentencing him. We affirm.
The victim returned home at 11:25 p.m. and saw someone in her station wagon, which was parked in her driveway. She saw someone vacate her vehicle from the driver’s side. She indicated that the person coming out of her vehicle was wearing dark pants and a white shirt. He had short, dark hair. He ran into the backyard. A witness then identified J.C. as the individual seen running into his backyard and taking off his shirt and pants. J.C. was also described as having grease on his hands. A dog tracked a scent from the station wagon to where J.C. was standing. J.C. said that “Danny” was the one. The victim said it could not have been Danny.
We agree with the state that these facts, together, are sufficient to identify J.C. as the one seen leaving the victim’s car.
Concerning the sentence, it is apparent from the record that J.C. had been before the court earlier and had been ordered to complete a residential program in Indiana. He apparently had been unable to gain admittance. The court decided to commit J.C. to a level 8 program but to reconsider the sentence within 60 days if the Indiana program was available. The court stated in response to the mother:
I appreciate that, but I’m not going to put that pressure on you. He is 16 years old. He needs to grow up. I’ve talked to [Appellant] before. He’s not unintelligent. He knows what he’s doing. He just doesn’t care. And I’m not going to put you in that position. He can hate me all he wants. I don’t care. But, you know, you’re his mom, you love him, and you try to do everything you could. He doesn’t care. So I’m willing to do the Indiana thing for you, and I think that would help [Appellant], from what I know of the program. I don’t know a lot. about it. But otherwise, if we can’t get him in there, then he needs to do the Level 8 here, followed by — he’ll come home to you on probation.
It is apparent that the court believed that J. C.’s attitude of not caring made it necessary to place him in the Level 8 program. We agree that the court had such authority.
AFFIRM.
PETERSON, J., concurs.
GRIFFIN, C.J., dissents, without opinion.