THOMPSON, J.
E.S., a child, appeals his Level Six commitment to the Department of Juvenile Justice (“DJJ”) after being adjudicated de *1243 linquent. The child argues that the trial court disregarded DJJ’s recommendation because he asserted his innocence and because of his outburst during the disposition hearing. E.S. seeks reversal for a new disposition hearing. We affirm.
The child entered a no contest plea to a battery charge and the state agreed to stand mute at the disposition hearing. The judge knew the family because the child had been before the juvenile court before; he was on community control when he committed the newest delinquent act. At the hearing, the court stated it would suspend the commitment and place the child on community control with special conditions. The court subsequently changed its mind when, during the hearing, the child argued with his mother about insurance money for a truck. E.S. wanted the money he paid for the insurance returned and his mother wanted to keep the money for the damage he had done to her home. The child broke items when he became angry. Although E.S. qualified for a Level Six program, DJJ had recommended that the commitment be suspended and the child returned to community control. The court changed its mind when it realized that E.S. had trouble managing anger and placed the child in detention until he could be placed in a Level Six program.
The trial court did not err. The trial court heard the parents testify that they were afraid of the child who had struck both of them before. He had broken his father’s ribs and had slapped his mother. He had been charged with battery for hitting his parents. The parents were divorced and lived in separate residences but neither wanted E.S. to live with them because they were afraid of the child. The mother also testified the child threatened his younger brother. The court also read that E.S. had been placed at Boys Town, but could not return because of his behavior. After hearing from DJJ, the parents and the child, the court stated that a Level 6 commitment would be best for the child since he had problems dealing with anger.
Section 985.23(3), Florida Statutes (1997), allows a judge to disregard a recommendation from DJJ if the court states the reasons which establish by a preponderance of the evidence why the commitment is appropriate. In this case, the child was on community control at the time he committed battery on an 11-year old. (E.S. was 17, 5’11” tall and weighed 175 pounds.) He had committed batteries upon his mother and father and they were so frightened of him that they refused to allow him to live with them. The predisposition report stated that E.S. was manipulative, violent and “a time bomb waiting to go off.” All of this supports the trial judge’s decision to commit E.S. In J.C. v. State, 727 So.2d 361 (Fla. 5th DCA 1999), the child appealed his Level 8 commitment which departed from DJJ’s recommendation. This court held that a child’s “attitude of not caring” made commitment to DJJ necessary. If a child can be committed for his “attitude of not caring,” surely a child can be committed after his parents testify to his violence against them and his inability to manage anger.
AFFIRMED.
W. SHARP and HARRIS, JJ., concur.