ANTOON, C.J.
D.E.R., a juvenile, appeals the orders entered by the trial court revoking his community control and committing him to a level four Department of Juvenile Justice (Department) program. He argues that the trial court abused its discretion by rejecting the Department’s recommendation that he be returned to community control. We affirm because the trial court set forth valid reasons for rejecting the Department’s recommendation.
In October 1998, the state charged D.E.R. with committing the delinquent acts of burglary[1] and grand theft.[2] As a result of these new charges, the state also filed a petition seeking to revoke D.E.R.’s community control which had been imposed in June 1998 for committing the delinquent acts of trespass of unoccupied structure and petit theft. See §§ 810.08(l)(b), 812.014, Fla. Stat. (1997). After conducting an evidentiary hearing, the trial court granted D.E.R.’s motion for judgment of acquittal on the burglary charge, but found that D.E.R. had committed grand theft and had violated the terms of his community control. At the disposition hearing, the Department recommended that D.E.R. again be placed on community control supervision. The trial court rejected this recommendation and placed D.E.R. in a level four commitment program for a term of six years.
Section 985.23(3)(c) of the Florida Statutes (1997) authorizes a trial court to reject the Department’s recommended disposition:
985.23 Disposition hearings in delinquency cases.
When a child has been found to have committed a delinquent act, the following procedures shall be applicable to the disposition of the case:
[[Image here]]
(c) The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.
In this case, the trial court articulated several reasons for rejecting the Department’s recommendation of a community control disposition, including the reasons that D.E.R.’s last delinquent act had occurred while he was under community control supervision, that D.E.R.’s custodial *1246 parent was unable to provide adequate supervision and guidance if the child resided at home, and that D.E.R. had committed burglaries. These are sufficient reasons for departing from the Department’s recommendation. See A.G. v. State, 737 So.2d 1244, 1248 (Fla. 5th DCA 1999). Moreover, these reasons are supported by a preponderance of the evidence and relate to the specific needs of the child. See id.
D.E.R. argues that it was improper for the trial court to consider the burglary for which he was acquitted as a basis for imposing a departure disposition. However, since the trial court made it clear that the reason it rejected the Department’s recommendation was because D.E.R. had committed the new crime of grand theft while on community control, we need not reach the question of whether an unproven offense alone constitutes a valid ground for departure.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.

. § 810.02(4)(a), Fla. Stat. (1997).

. § 812.014(2)(c)(l), Fla. Stat. (1997).