THOMPSON, C.J.
R.H. appeals his adjudications of delinquency and his disposition. We affirm.
R.H. contends that in case number 98-1546 he was entitled to resist arrest because the arresting officers did not have probable cause to arrest him. This issue is without merit because the arresting officer testified repeatedly that he had checked and found multiple outstanding arrest warrants for R.H.
R.H. also argues that the court erred in denying the motion to suppress in case number 98-4395. An officer testified that while working in an area of high drug activity, he observed a car with an equipment violation. He attempted a traffic stop and the car continued on. While the car was in motion, its three occupants “bailed out,” and the car crashed into a duplex. Eventually, the occupants of the car, including R. H., were captured. R.H. argues that the car was illegally stopped when the officers first put their lights on to effect the “routine traffic stop.” First, the police did not stop the car. See California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). Second, the officers had reasonable grounds to stop the persons who “bailed out” of the car that subsequently crashed into a dwelling. Compare, Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (“determination of reasonable suspicion must be based on commonsense judgments and inferences about human behavior”).
Next, R.H. argues that the court erred in case number 98-4395 in adjudicating him guilty of resisting arrest without violence because “flight alone” is not sufficient for an adjudication. He cites cases holding that flight alone is not sufficient *764 proof of a crime. See, e.g. I.Y.D. v. State, 711 So.2d 202 (Fla. 2d DCA 1998) (petit theft). In the instant case, the fleeing was proof of an element of the substantive crime charged, resisting a police officer, so R.H. was not adjudicated delinquent merely for fleeing.
R.H. contends that the court erred in disposing of his case because a different judge had presided over the adjudicatory hearing. We do not decide the merits because this issue was not preserved for appeal. See Madrigal v. State, 683 So.2d 1093, 1097 (Fla. 4th DCA 1996).
Finally, R.H. contends that the court abused its discretion in placing him in a level eight commitment when the Department of Juvenile Justice recommended that he be placed on reentry. R.H. had been on reentry only five days when he committed his last offense, which involved leaping out of the moving car. With R.H. in the car were persons with whom he was not supposed to associate, and the offense occurred past R. H.’s curfew. Police found a gun and crack cocaine in the car. The court’s reasons for departing from the recommendation were that (1) it was in R. H.’s best interests that he be placed in a high risk commitment; (2) R.H. had had two prior level six commitments but continued to violate the law and the rules of reentry; (3) he needed constant supervision, anger management, and education; and (4) the department’s recommendation did not take into account additional charges against R.H. These reasons, which relate to R. H.’s specific needs and which are supported by the evidence, are sufficient to support the departure. Compare, D.E.R. v. State, 744 So.2d 1244 (Fla. 5th DCA 1999); E.S. v. State, 736 So.2d 1242 (Fla. 5th DCA 1999);
AFFIRMED.
GRIFFIN, J., and ORFINGER, M., Senior Judge, concur.