782 So.2d 911 (2001)
P.R., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1894.
District Court of Appeal of Florida, Fifth District.
March 16, 2001.
Rehearing Denied April 24, 2001.
James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
This is a case of grant theft committed by a fourteen-year old boy. The issue on appeal is whether the trial court erred by imposing a level 6 moderate risk residential commitment followed by probation. In doing so, the court rejected the recommendation of the Department of Juvenile Justice that P.R. be adjudicated delinquent, placed on community control, have a curfew, have no contact with the other youths involved in the case, pay restitution, write a letter of apology to his adoptive parents (the victims), perform 120 hours of community service, and attend counseling sessions. In imposing a level 6 moderate risk residential commitment upon P.R., followed by probation, the trial court reasoned as follows:
[W]hen I look through here Phillip ... and I'm stunned ... trespass ... closed without sanctions, other felony closed without sanctions ... petty larceny, JASP ... criminal mischief, JASP ... burglary JASP, assault and battery, community control ... apparently you didn't do very well on that ... because... old cases reopened ... assault and battery, Nolle Pos ... disturbing the piece, [sic] nonfiled ... fired a weapon, missile into a dwelling, building or aircraft, Judicial warning ... and now we have grand thefts. Nobody has ever gotten your attention have they? Those days are over. You'll be adjudicated delinquent. You'll be sentenced to a moderate risk residential program, following that you'll come out on ah ... community control, where you will obey the reasonable demands of your parents.
P.R. contends that the trial court erred by failing to follow the requirements of *912 sections 985.23(3)(a) and (c), Florida Statutes (1999). These sections provide:
985.23 Disposition hearings in delinquency cases. When a child has been found to have committed a delinquent act, the following procedures shall be applicable to the disposition of the case:
* * *
(3)(a) If the court determines that the child should be adjudicated as having committed a delinquent act and should be committed to the department, such determination shall be in writing or on the record of the hearing. The determination shall include a specific finding of the reasons for the decision to adjudicate and to commit the child to the department, including any determination that the child was a member of a criminal street gang.
* * *
(c) The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. Any party may appeal the court's findings resulting in a modified level of restrictiveness pursuant to this paragraph. (Emphasis added).
Specifically, P.R. maintains that the trial court failed to make findings as to its reasons for adjudicating and committing him to the Department and failed to state reasons as to why it was disregarding the Department's assessment and recommended restrictiveness level.
The state contends that P.R.'s criminal history and his failure to comply with his previous community control requirements were valid reasons for the trial court to commit him to the Department and to deviate from the Department's recommended restrictiveness level. It relies on E.L. v. State, 715 So.2d 353 (Fla. 1st DCA 1998) in which the court held that the trial court's stated reasons for deviating from the Department's recommended restrictiveness level were sufficiently established by a preponderance of the evidence. Those reasons were 1) E.L.'s criminal history; 2) E.L.'s commission of new crimes despite his completion of a moderate risk program, as evidenced by his violation of community control; and 3) the moderate risk program was insufficient to ensure either public safety or an opportunity for E.L. to rehabilitate himself, as again evidenced by his violation of community control by committing crimes following his completion of a moderate risk program.
In D.E.R. v. State, 744 So.2d 1244 (Fla. 5th DCA 1999), this court affirmed the trial court's deviation from the Department's recommended restrictiveness level where the trial court found that 1) D.E.R. had committed his last delinquent act while he was on community control; 2) D.E.R.'s custodial parent would have been unable to adequately supervise and guide him if he lived at home; and 3) D.E.R. had committed burglaries. Those reasons were supported by a preponderance of the evidence and the level of restrictiveness was appropriate to the needs of the child.
We contrast E.L. and D.E.R. to A.G. v. State, 737 So.2d 1244 (Fla. 5th DCA 1999). In A.G., this court reversed the trial court's deviation from the Department's recommended restrictiveness level. The trial court's stated reason was that "it was apparent that there was a population of young men in the community who were poisoning it with cocaine, over and over again," "she [the judge] had given each *913 child who had come before her the benefit of the doubt; including A.G.'s brother and sister, although she understood their cases had nothing to do with A.G.'s case," "she was `fed up with cocaine peddlers coming into' the courtroom, and she thought it was appropriate to `ratchet up' these commitments because Level 6 was not `cutting it.'" Id. at 1246-1247. This court found those reasons insufficient.[1]
We believe the trial court's reasons for deviating from the Department's recommended restrictiveness level are legally insufficient. Although they are analogous to the first two reasons given by the court in E.L., the trial court failed to "reference the characteristics of the restrictiveness level vis-a-vis the needs of the child." D.E.R.; A.G.
These same reasons are likewise insufficient to comply with section 985.23(1)(a) because, with one exception, they fail to show that the court considered any of the statutory factors set forth in section 985.23(2)(a) through (g), Florida Statutes (1999). These factors pertain to the trial court's "determination of the suitability or nonsuitability for adjudication and commitment of the child to the department." Where the record is devoid of the trial court's reasons for committing a child to a higher restrictiveness level, this court is unable to adequately review the propriety of the court's determination. Accordingly, the legislative directives contained in Chapter 985 must be followed.
REVERSED and REMANDED for proceedings consistent with this opinion.
SHARP, W., and PETERSON, JJ., concur.
NOTES
[1] This court further noted that the trial court's reasons "must reference the characteristics of the restrictiveness level vis-a-vis the needs of the child." Id. at 1247.