793 So.2d 112 (2001)
STATE of Florida, Appellant,
v.
Matthew MURPHY, Appellee.
No. 2D00-2494.
District Court of Appeal of Florida, Second District.
August 17, 2001.
*113 Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellant.
Craig A. Huffman and Manuel A. Machin, Tampa, for Appellee.
SILBERMAN, Judge.
The State appeals from an order granting Matthew Murphy's motion to suppress. We affirm because the evidence was seized following an unlawful stop.
A deputy observed Murphy's truck on the road and conducted a routine license tag check. The computer check indicated that the tag belonged to a different truck. On that basis, the deputy initiated a traffic stop. As the deputy approached the truck after making the stop, he smelled a strong odor of marijuana and saw marijuana seeds and leaves on Murphy. The deputy ordered Murphy from the truck and saw a partially exposed digital scale and remnants of marijuana leaves and seeds on the floor of the truck. The deputy arrested Murphy and searched the truck. The scale, four bags of marijuana, a glass pipe, and cash were seized.
The deputy acknowledged that the sole basis for the stop was the computer information indicating that the truck had an improper tag. Normally, tag information would be obtained from the computer system of the Florida Department of Highway Safety and Motor Vehicles (DMV); however, due to an unspecified problem, the DMV computer information was not *114 available at the time that the deputy made the tag check. The information on which the deputy relied came from the internal computer database of the Hillsborough County Sheriffs Office. It was later discovered that the report from the internal database was erroneous. Three weeks before the stop, Murphy had properly registered his truck with the DMV. The sheriffs office did not have the current registration information for Murphy's truck in its computer system.
Stopping a vehicle and detaining its occupants constitutes a seizure, even if the detention is brief and the purpose of the stop is limited. Whren v. United States, 517 U.S. 806, 809, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); Delaware v. Prouse, 440 U.S. 648, 654, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). The exclusionary rule provides that "[w]hen an individual is unreasonably seized, any evidence obtained as a result of the seizure must be suppressed." Bowen v. State, 685 So.2d 942, 944 (Fla. 5th DCA 1996). Moreover, when the information used by the police does not support a legal arrest, the evidence seized as a result of the arrest is to be suppressed. Bruno v. State, 704 So.2d 134, 135 (Fla. 1st DCA 1997).
The exclusionary rule applies to evidence that is obtained following an illegal arrest when the arrest is initiated as a result of a police computer error. See State v. White, 660 So.2d 664, 667-68 (Fla. 1995). The supreme court reasoned that the suppression of such evidence would encourage law enforcement to maintain accurate and current records. Id. at 667; see also Shadier v. State, 761 So.2d 279, 285 (Fla.2000).
Furthermore, absent "the reasonable suspicion necessary to authorize an investigatory stop, the initial detention was illegal and the resulting acquisition of the cocaine and drug paraphernalia was the fruit of an unconstitutional seizure." Popple v. State, 626 So.2d 185, 188 (Fla.1993). Under the circumstances, the erroneous information obtained by the deputy could not provide reasonable suspicion for the stop of Murphy and the seizure of the evidence. Had the sheriffs office records been updated and accurate, the stop and seizure of Murphy, the observations made by the deputy, and the subsequent search would not have occurred. We therefore conclude that the trial court properly granted the motion to suppress.
Affirmed.
PARKER, A.C.J., and NORTHCUTT, J., Concur.