926 So.2d 427 (2006)
STATE of Florida, Appellant,
v.
Arthur BATTIS III, Appellee.
No. 2D05-2519.
District Court of Appeal of Florida, Second District.
March 24, 2006.
Rehearing Denied April 28, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellant.
Elizabeth A. Beardsley of Escobar, Ramirez & Associates P.A., Tampa, for Appellee.
CANADY, Judge.
The State appeals a trial court order suppressing evidence in a prosecution against Arthur Battis for the charge of trafficking in cocaine. The trial court suppressed the evidence on the basis that Battis involuntarily abandoned the evidence during the course of an illegal stop. Based on the rationale of California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), however, we conclude that the suppression was erroneous because Battis was not stopped or seized at the time he abandoned the cocaine.

Background
Battis filed a motion to suppress the cocaine, arguing that law enforcement's stop of Battis was illegal and that Battis's abandonment of the cocaine therefore was not voluntary. The trial court held a hearing, and both parties stipulated to the facts as alleged in the motion and certain other facts. Based on the undisputed facts, the trial court considered the following scenario.
The United States Marshals Service was conducting an investigation in Pinellas County of a male subject wanted for murder. *428 As part of this investigation, officers were conducting surveillance of Battis's home, where the officers thought the male subject might be staying. At a time when the officers were conducting surveillance, Battis departed from his home in his car. The officers followed Battis's car in an unmarked police vehicle. The officers activated their lights and siren and moved partially into Battis's lane as Battis was traveling towards them in the opposite direction. Battis passed the officers' vehicle, continued to drive in the opposite direction, and then made a left turn. The officers made a u-turn and followed Battis with lights and siren still activated. The officers observed an object being thrown from Battis's car when Battis turned left. After Battis turned left, he pulled over a half-block down the road. The officers detained Battis and recovered the object, which was a pill bottle containing cocaine.
The trial court granted the motion, concluding that the cocaine was abandoned during an illegal stop and that there was a sufficient nexus between the illegal stop and the abandonment of the cocaine to make the abandonment involuntary.

Argument on Appeal
Citing Hodari, 499 U.S. 621, 111 S.Ct. 1547, the State argues on appeal that Battis was not detained when he abandoned the cocaine because he failed to respond to the officers' show of authority. Battis argues that his act of abandoning the cocaine was solely the result of law enforcement's illegal stop and therefore his abandonment of the cocaine was not voluntary.

Analysis
In Hodari, the Supreme Court addressed the question of "whether, with respect to a show of authority ..., a seizure occurs even though the subject does not yield." 499 U.S. at 626, 111 S.Ct. 1547. The Court held "that it does not." Id. There, the defendant observed an unmarked car, "panicked, and took flight." Id. at 622-23, 111 S.Ct. 1547. An officer pursued him on foot, and the defendant tossed away a rock of crack cocaine. Id. at 623, 111 S.Ct. 1547. The officer finally tackled the defendant and later recovered the rock of crack cocaine. The defendant argued that he was unreasonably seized at the time he dropped the drugs and therefore the drugs should be suppressed as the fruit of that seizure. Id. at 623-24, 111 S.Ct. 1547. The Court held that "assuming that [the law enforcement officer's] pursuit ... constituted a `show of authority' enjoining [the defendant] to halt, since [the defendant] did not comply with that injunction he was not seized until he was tackled." Id. at 629, 111 S.Ct. 1547. See also Perez v. State, 620 So.2d 1256, 1258 (Fla.1993) (recognizing binding force of Hodari under article I, section 12 of the Florida Constitution, which requires Florida courts to "follow the United States Supreme Court's interpretations of the Fourth Amendment and to provide no greater protection than those interpretations").
The issue in this appeal is whether Battis had submitted to authority when he abandoned the drugs. The undisputed facts presented to the trial court indicate that Battis had not yet complied with law enforcement's show of authority when he threw the cocaine out of the car. "A person who flees from a show of authority has not been seized, while a person who remains in place and submissive to the show of authority has been seized." Hollinger v. State, 620 So.2d 1242, 1243 (Fla.1993). "An unlawful seizure only takes place if the person either willingly obeys or is physically forced to obey the police request, i.e. there is no unlawful seizure when the person `drops then stops,' even where the drop occurs after an order to *429 stop." Johnson v. State, 640 So.2d 136, 138 (Fla. 4th DCA 1994).
In R.H. v. State, 764 So.2d 762 (Fla. 5th DCA 2000), law enforcement "observed a car with an equipment violation" and "attempted a traffic stop," but "the car continued on." Id. at 763. The defendant jumped out of the car and ran, and the car ultimately crashed into a building. The defendant argued that the car he was in was "stopped when the officers first put their lights on to effect" the stop. Id. The Fifth District rejected that claim and concluded that "the police did not stop the car." Id. (citing Hodari, 499 U.S. 621, 111 S.Ct. 1547).
When he threw the cocaine out of the car window, Battis had not been seized. Even though the officers had activated their lights and siren prior to the abandonment of the cocaine, Battis did not submit to the officers' show of authority until he pulled over and stopped after he had abandoned the cocaine. See Hodari, 499 U.S. at 629, 111 S.Ct. 1547; see also People v. Brodack, 296 Ill.App.3d 71, 230 Ill.Dec. 540, 693 N.E.2d 1291, 1295 (1998) (holding that "absent physical force, a police show of authority in activating lights and siren does not amount to a stop until the defendant submits to the show of authority . . . by pulling over and stopping his vehicle"); State v. Weaver, 259 Kan. 844, 915 P.2d 746, 750 (1996) ("[T]he defendant did not yield to the officer's show of authority (the emergency lights) by pulling over. Thus, a stop did not occur when the officer activated his emergency lights.").
"[A]ppellate courts should ... accord a presumption of correctness to the trial court's rulings on motions to suppress with regard to the trial court's determination of historical facts, but appellate courts must independently review mixed questions of law and fact that ultimately determine constitutional issues . . . ." Connor v. State, 803 So.2d 598, 608 (Fla.2001). "[T]he determination of whether the application of the law to the historical facts establishes an adequate basis for the trial court's ruling is subject to de novo review." Id. Here, the facts are undisputed. However, the trial court's application of the law to the facts was erroneous.

Conclusion
Because the drugs were abandoned before Battis was seized, the trial court erred in concluding that the drugs were abandoned during an illegal stop and were therefore subject to suppression. Accordingly, we reverse the order suppressing the evidence and remand for further proceedings.
Reversed and remanded.
FULMER, C.J., and LaROSE, J., Concur.