CANADY, Judge.
Samuel Austin appeals his convictions for possession of cocaine, fleeing to elude, and obstructing or opposing an officer without violence. Austin argues that the trial court erred in denying his motion for judgment of acquittal. We reject that argument without further comment. Austin also contends that the trial court erred in denying his motion to suppress the cocaine which Austin asserts was obtained by the police as a result of an illegal traffic stop. For the reasons we explain, we conclude that the trial court correctly refused to suppress the cocaine.
The police attempted to effect a stop of the vehicle driven by Austin based on computer information, which was subsequently determined to be erroneous, indicating that the license plate displayed on the vehicle was assigned to another vehicle. When the officer attempted to stop Austin by activating the siren and flashing emergency lights of the officer’s patrol car, Austin increased his speed and refused to stop. After the officer who had attempted to stop Austin was joined in the chase by another officer, Austin jumped from his still-moving vehicle and ran from the pursuing officers. Ultimately, the officers were successful in collaring Austin by shooting him with a stun-gun. The co *854 caine at issue was contained in a plastic bag which Austin dropped as he ran from the officers.
It is true that a stop based on the erroneous information concerning the license plate would have been unlawful. See Shadler v. State, 761 So.2d 279 (Fla.2000); State v. White, 660 So.2d 664 (Fla.1995); State v. Murphy, 793 So.2d 112 (Fla. 2d DCA 2001). But that point does not resolve this case.
Austin’s claim for suppression of the cocaine can most readily be rejected on the ground that the cocaine was dropped by Austin before he was seized by the police. The cocaine was obtained without a violation of Austin’s Fourth Amendment right to be secure against unreasonable seizures. “[S]ince [Austin] did not comply with [the officers’ efforts to stop him,] he was not seized until he was [shot by the officers with the stun-gun]. The cocaine abandoned while he was running was in this case not the fruit of a seizure, and his motion to exclude evidence of it was properly denied.” California v. Hodari D., 499 U.S. 621, 629, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); see also State v. Battis, 926 So.2d 427, 428 (Fla. 2d DCA 2006).
In view of the foregoing circumstance, we need not consider the additional factor that Austin’s commission of the offense of fleeing to elude dissipated the taint of any illegality associated with the initial unsuccessful attempt to stop Austin. See United States v. Bailey, 691 F.2d 1009, 1015-18 (11th Cir.1983); Green v. State, 530 So.2d 480, 481 (Fla. 5th DCA 1988) (on motion for rehearing en banc).
Affirmed.
NORTHCUTT, C.J., and SALCINES, J., Concur.