ALTENBERND, Judge.
Maurice Moore appeals his judgments and sentences, which were entered after the trial court denied his dispositive motion to suppress. Because the trial court relied upon outdated law at the suppression hearing and the proper outcome of that hearing cannot be determined from this record under current law, we reverse and remand for further proceedings.
*673 A Tampa police officer stopped Mr. Moore on June 19, 2011, while he was driving his car. As a result of this stop, the officer discovered and seized marijuana, paraphernalia, and an unlawful police radio. After the State filed an information charging Mr. Moore with offenses related to the seized items, he filed a motion to suppress claiming that the stop had been unlawful.
The evidence establishes that the officer stopped Mr. Moore exclusively because when he ran Mr. Moore’s tag on his in-vehicle computer, the information he received from the Department of Highway Safety and Motor Vehicles (the “DHSMV”) confirmed that the tag was registered to Mr. Moore, but it indicated that the tag was not assigned to the vehicle Mr. Moore was driving. It is undisputed that this information was incorrect and that the data had not been correctly entered into the computer system by the DHSMV. If the DHSMV had properly entered the correct data, Mr. Moore would not have been stopped by the officer. At the time of Mr. Moore’s arrest, the DHSMV consisted of three divisions: (1) Division of the Florida Highway Patrol, (2) Division of Driver Licenses, and (3) Division of Motor Vehicles. See § 20.24(2), Fla. Stat. (2010).[1] Based on our record, we are unable to ascertain which specific division was responsible for this error, but it most likely was the Division of Driver Licenses or the Division of Motor Vehicles.
Mr. Moore’s attorney filed a motion to suppress, challenging the legality of the stop. That motion did not contain citations to case law specific to the issue. Both Mr. Moore’s attorney and the assistant state attorney came to the suppression hearing without conducting adequate research to assist the trial court. From the bench, the trial court located State v. Shadler, 714 So.2d 662 (Fla. 5th DCA 1998) (Shadier I). Shadier I was seemingly on point and held that such errors by the Division of Driver Licenses were not errors by a “law enforcement agency” and, thus, did not render a stop based on such mistaken information unconstitutional. Id. at 663. Shadier I did note, however, that the Division of Highway Patrol would be considered “a law enforcement agency.” Id. Relying on Shadier I, the trial court denied the motion to suppress on January 11, 2012. Mr. Moore then pleaded to these offenses on January 30, 2012, reserving the issue for appeal. Both Mr. Moore’s attorney and the assistant state attorney apparently never bothered to read Shadier I.
In 2000, the Florida Supreme Court reversed Shadier I in Shadler v. State, 761 So.2d 279 (Fla.), cert. denied, 531 U.S. 924, 121 S.Ct. 298, 148 L.Ed.2d 240 (2000) (Shadier II). In Shadier II, the supreme court reviewed the functions of the DHSMV and determined that the DHSMV, including all of its divisions, was considered a “law enforcement agency” for purposes of interpreting the Fourth Amendment.[2] Id. at 284. Thus, Shadier II squarely supported the motion to suppress. Had the trial court found Shadier II when it was performing the research the lawyers should have performed, it un *674 doubtedly would have granted the motion to suppress.
On appeal, the State recognizes that Shadier I was reversed by Shadier II. It points out, however, that following Shadier II, the legislature enacted section 822.202(1), Florida Statutes (2002). See ch. 2002-215, § 1, at 1502-03, Laws of Fla. At the time of Mr. Moore’s arrest, the statute expressly stated that “the Division of Driver Licenses and the Division of Motor Vehicles of the [DHSMV] are not law enforcement agencies.” See § 322.202(1).[3] We note that the statutory amendment does not appear to have altered any function of the DHSMV or its divisions; the amendment merely disagrees with the legal conclusion reached by the supreme court in Shadier II that each division of the DHSMV is a law enforcement agency for purposes of the Fourth Amendment. We have found no case law that has decided any motion to suppress based on this statutory amendment. Whether the legislature can pass a statute that merely disagrees with a supreme court opinion applying the Fourth Amendment to a particular set of facts is an interesting issue that was not resolved in the trial court and has not been argued in this court.
Shadier II was based on the United States Supreme Court’s decision in Arizona v. Evans, 514 U.S. 1, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995). In Evans, the Court considered a case in which the police had performed an arrest based on a warrant. A short time prior to the arrest, the warrant had been quashed by a court. Id. at 3-4, 115 S.Ct. 1185. The court clerk had not informed the local sheriff of this judicial action and, thus, the warrant appeared to be valid and outstanding in the records relied upon by law enforcement. Id. at 5, 115 S.Ct. 1185. Because the matter involved a warrant, the Court relied on the good faith exception to prevent exclusion of the evidence. Id. at 14-16, 115 S.Ct. 1185. See United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
After the Florida Supreme Court issued Shadier II, the United States Supreme Court ruled, in Hudson v. Michigan, 547 U.S. 586, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006), that the Fourth Amendment does not compel the use of the exclusionary rule in every instance of a violation of the knock-and-announce rule. Then, in 2009, the United States Supreme Court, in Herring v. United States, 555 U.S. 135, 146, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009), extended the holding in Evans to other “recordkeeping errors by the police” and further discussed the limits of the exclusionary rule. As a result, we are not confident as a matter of law whether Shadier II or the new statute is applicable and controlling in this case.
*675 In this unusual context, we conclude that the issue of whether Shadier II, the statutory amendment, or newer case law controls the outcome of the motion to suppress should first be argued to and resolved by the trial court before it is considered by this court. That court may consider any additional evidence that the parties consider relevant to this issue. Accordingly, we reverse the judgments and sentences and remand for a new hearing on the motion to suppress.
Reversed and remanded.
CASANUEVA and BLACK, JJ., Concur.

. In 2011 the Florida Legislature revised these divisions for the purpose of consolidating the Division of Driver Licenses and the Division of Motor Vehicles into the newly added "Division of Motorist Services." See ch. 2011-66, § 2, at 966-67, Laws of Fla.; § 20.24, Fla. Stat. (2011); Fla. S. Comm, on Budget, SB 2160 (2011) Staff Analysis 1 (Apr. 1, 2011) (on file with comm.), available at http://www. flsenate.gov/Session/Bill/2011/2160/Analyses/ aWy348RZCc DPzCFScrKI36KSFPo=@7/Public/Bills/ 2100-2199/2160/ Analysis/201 ls2160.bc.PDF.

. U.S. Const. Amend. IV.

. This section was originally designated by the legislature as section 90.959, but was re-designated as section 322.202 prior to codification. See ch. 2002-215, § 1; Table of Section Changes by 2002 Legislative Sessions, C-2, Fla. Stat. Index (2002). The legislature’s initial purpose was to "amend[] the evidence code” to prohibit application of the exclusionary rule in situations similar to that in Shadier II. See S. Comm. Judiciary, SB 196 (2002) Staff Analysis 1 (Dec. 5, 2001) (on file with comm.), available at http://arch ive.flsenate.gov/data/session/2002/Senate/bilIs/ana-lysis/pdf/ 2002s0196.ju.pdf. Redesignation as section 322.202 apparently came following the Florida Bar's successful objection to adding this provision to the evidence code. See Robert F. Tacher, Annual Reports of Committees of the Florida Bar: Code and Rules of Evidence, Fla. B.J., June 2003, available at http://www.floridabar.org/divcom/jn/jnjournal Ol.nsf/ c0d731e03de9828d852574580042ae7a/ 4ceb9e8d2b6f6fb485256d33004b e8f4!Open-Document & Highlight=0,discrimination*.